[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF STATE ATTORNEY TRIAL REFEREE
The undersigned State Attorney Trial Referee hereby submits his report consisting of the following findings of fact and conclusion of law drawn therefrom. A Memorandum of Decision accompanies this report. A hearing was held on May 23, 1990 and briefs were received from both parties, the last brief being received June 18, 1990.
FINDINGS OF FACT:
1. The plaintiff, Dicesare-Bentley Engineers, Inc. (hereinafter referred to as "Bentley"), is engaged in the business of providing engineering and surveying services.
2. The principals of the defendant, Legnos Boat Industries, Inc. (hereinafter referred to as "LBI, Inc."), own property at 952 North Road and 973 North Road (Route 117) in Groton, Connecticut.
3. The plaintiff came in contact with the defendant when the plaintiff was performing work on abutting property known as Business Industrial Park located on Route 117, Groton, Connecticut.
4. On or about November 27, 1985 the defendant wrote a letter to the plaintiff asking ". . .the cost of including aerial contour surveys of our land located at 952 North Road and 973 North Road."
5. The plaintiff never responded and informed the defendant of the cost, as requested, either orally or in writing.
6. Over fifteen (15) months went by before the plaintiff commenced work on the defendant's property and when aerial photographs were taken of the defendant's property along with seventeen (17) other properties. CT Page 718
7. The plaintiff and the defendant did not have a written contract.
8. The plaintiff claims that in late winter of 1987, he had conversations with the defendant and the defendant told him to go ahead with the work; however, the plaintiff cannot recall the specifics of this subsequent conversation as to date, time and place.
9. The defendant denies ever having a subsequent conversation after his letter of November 27, 1985 and denies ever authorizing the plaintiff to proceed with the work.
10. The defendant first learned that the work was done when he received a bill on April 30, 1987.
11. The defendant did not know that the plaintiff was performing any work for the defendant prior to obtaining said bill.
12. The plaintiff did park their surveying truck on the defendant's property; the defendant knew the plaintiff to be doing work on abutting property in the area and not necessarily on the plaintiff's property.
13. The defendant did not know that the plaintiff was performing any work for the defendant prior to obtaining said bill.
14. The defendant did not receive any benefit from the plaintiff's work since more work would have to be done by the plaintiff or the person who took the aerial photographs to make any work product that would show the contour lines of the defendant's property.
CONCLUSIONS OF LAW:
1. The plaintiff has not sustained his burden of proof by a preponderance of the evidence that the plaintiff had an oral contract to perform engineering and surveying work and that the defendant agreed to pay the reasonable value of the plaintiff's services.
2. The plaintiff has failed to sustain his burden of proof that the plaintiff and the defendant had entered into an oral contract in that the evidence shows that the defendant requested, in writing, a quote for services in November of 1985; the plaintiff did not respond to said request; the plaintiff alleges that in late winter of 1987 the defendant orally requested said work but plaintiff cannot recall the CT Page 719 specifics of this agreement as to date, time, place and who was present; the defendant denies any subsequent conversations or agreement with the plaintiff.
3. There is no unjust enrichment since a benefit has not been conferred upon the defendant, the defendant did not know that the plaintiff was performing said services and the defendant did not accept nor keep the work product or any benefit of the plaintiff's work.
Respectfully Submitted,
THOMAS J. LENDREGAN STATE ATTORNEY TRIAL REFEREE